FILED
United States Court of Appeals
Tenth Circuit

June 4, 2010

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

DON A. HOWARD,

   Plaintiff - Appellant,

 v.

BRANDI BIRCHFIELD and RANDY
HOLLAND,

   Defendants - Appellees.

No. 10-7008

(E.D. Oklahoma)

(D.C. No. 6:09-CV-00400-FHS-SPS)

---

**ORDER AND JUDGMENT**[*]

---

Before **HARTZ**, **ANDERSON**, and **TYMKOVICH**, Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

---

[*]This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Plaintiff and appellant, Don A. Howard, a state prisoner proceeding *pro se*, appeals the dismissal of his 42 U.S.C. § 1983 claim that his constitutional rights were violated because he was denied adequate dental care. We affirm.

Mr. Howard is an inmate at the Howard McLeod Correctional Center ("HMCC") and under the custody of the Oklahoma Department of Corrections. He brought this § 1983 action against Dr. Randy Holland, a dentist at HMCC, and Brandi Birchfield, the HMCC medical clinic supervisor, arguing that they had violated his Eighth Amendment right to be free from cruel and unusual punishment by failing to provide him with dentures.

Dr. Holland and Ms. Birchfield filed a motion to dismiss/motion for summary judgment, in which they argued that Mr. Howard had failed to exhaust his administrative remedies and that dismissal was therefore appropriate. They also argued that Mr. Howard had failed to establish a claim for deliberate indifference to his serious medical needs, and that they were entitled to qualified immunity and Eleventh Amendment immunity.

The district court granted the defendants' motion, finding that "[t]he record shows that prior to commencing this lawsuit, plaintiff did not timely and properly file an appeal to the proper individual concerning grievances filed for medical reasons." Op. & Order at 3, R. Vol. 1 at 124. While Mr. Howard argues that he re-submitted his grievance appeal and did not receive any response, the district court held that "the unauthorized re-submission cannot suffice to establish

exhaustion of his administrative remedies." Id. at 4.  We agree with the district court that the "record clearly shows plaintiff has failed to exhaust his administrative remedies, as required by 42 U.S.C. § 1997e(a), and the deadlines have passed for pursuing his administrative remedies under DOC policy."  Id.

For the foregoing reasons, the decision of the district court is AFFIRMED.

ENTERED FOR THE COURT


Stephen H. Anderson
Circuit Judge